**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| CHRISTOPHER IOSELLO, | ) |
| for himself and two classes, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CARIBBEAN CRUISE LINE INC. | ) |
| and TRAVEL REWARDS LLC, | ) |
| | ) |
| Defendants. | ) |

<u>**COMPLAINT – CLASS ACTION**</u>

### INTRODUCTION

1.     Christopher Iosello seeks redress from Caribbean Cruise Line Inc. ("Caribbean Cruise"), and Travel Rewards LLC ("Travel Rewards"), from violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"), and the Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq.* ("CFA"), relating to unsolicited text messages sent to him and others without their prior express written consent.

2.     Iosello's claims are made either on his own personal knowledge, on information and belief, or on the investigation of counsel.

3.     By sending unauthorized text messages, defendants caused actual harm to Iosello, and others like him, including the aggravation and nuisance naturally resulting from such texts.

### JURISDICTION AND VENUE

4.     Subject matter jurisdiction exists under 28 U.S.C. §§1331, 1337 and 1367, and 47 U.S.C. §227(b)(3). *Mims v. Arrow Fin. Servs. LLC*, 132 S. Ct. 740, 751-753 (2012); *Brill v. Countrywide Home Loans Inc.*, 427 F.3d 446, 449-452 (7th Cir. 2005).

5.     Venue is proper, as a substantial portion of the alleged wrongdoing was done here, and directed to consumers who live here, in order to solicit business for defendants. Further, under the long-arm statute found in 735 ILCS 5/2-209, defendants have sufficient contacts with Illinois to make exercise of personal jurisdiction proper.

1

6.    An actual controversy exists between the parties, for which declaratory and injunctive remedies, together with damages, would provide relief.

## PARTIES

7.    Iosello lives in Winnetka, Illinois.

8.    Carribean Cruise, a national cruise line, is a corporation organized in, and headquartered in, Florida.

9.    Travel Rewards, a marketing business, is a limited liability company organized in, and headquartered in, Florida.

## FACTS

10.    Short Message Services ("SMS") is a messaging system allowing cellular phone users to send and receive text messages (usually of 160 characters or less) to wireless devices.

11.    SMS messages (or "texts") are sent to wireless devices using the phone number assigned to each device. When a text is sent, the recipient's phone alerts the user that a message was received.  Wireless devices are mobile; thus, texts are intended to be received and read wherever the phone's owner is.

12.    Due to the growing concern over unwanted text advertisements, the  Federal Communications Commission has updated its rules on consent.  As of October 16, 2013, senders of text messages advertising goods or services must obtain the recipient's prior express written consent.  47 C.F.R. 64.1200(a)(2), 77 Fed.Reg. 34233-34249 (June 11, 2012), and 77 Fed.Reg. 63240 (Oct. 16, 2012).

13.    Defendants, in the course of trade and commerce, sent and continue to send unsolicited text messages to consumers' wireless devices, without their prior express written consent.  Iosello received such unsolicited messages from defendants.

14.    On July 28, 2014, Caribbean Cruise, or Travel Rewards (acting on Caribbean Cruise's behalf), transmitted this text message to Iosello's wireless device:

**Call to claim your tickets before they expire. (813)515/1805**

15.    Per the "From" field in the message, "wkhmcy@freecruisegiveaway.net" sent the July 28, 2014 text to Iosello.

2

16. On August 8, 2014, Caribbean Cruise, or Travel Rewards (acting on Caribbean Cruise's behalf), transmitted this text message to Iosello's wireless device:

**You've been sent a no-cost trip to the Bahamas. Claim by calling 786.605.0052**

17. Per the "From" field in the message, "kriegrapon@cruiseticketgiveaway.com" sent the August 8, 2014 text to Iosello.

18. On information and belief, Travel Rewards is the source of both texts sent to Iosello; Travel Rewards sent these texts on behalf of Caribbean Cruise.

19. On information and belief, Caribbean Cruise, or Travel Rewards (acting on Caribbean Cruise's behalf), sent or caused to be sent text messages that were the same as those sent to Iosello, or substantially so, to thousands of wireless devices *en masse*.

20. On information and belief, Caribbean Cruise, or Travel Rewards (acting on Caribbean Cruise's behalf), sent such texts to Iosello and others like him using equipment that can store, produce and contact phone numbers using a random or sequential number generator, simultaneously and without human intervention.

21. Iosello did not consent to, request, permit or desire text messages to be sent to his wireless device from either defendant. On information and belief, neither did thousands of consumers like him.

## THE TELEPHONE CONSUMER PROTECTION ACT

22. 47 U.S.C. §227(b)(1) prohibits unsolicited text message calls to wireless devices:

**It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States –**

> **(A)** **to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice....**
>
> **(iii)** **to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call...**

23. Violations of the TCPA result in liability, even if the violations were negligent.

3

24.     Iosello may sue to recover damages under 47 U.S.C. §227(b)(3):

> **A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State –**
>
>> **(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,**
>>
>> **(B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or**
>>
>> **(C) both such actions.**
>
> **If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.**

### THE ILLINOIS CONSUMER FRAUD ACT

25.     Under 815 ILCS 505/2,

> **unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, or the use or employment of any practice described in Section 2 of the "Uniform Deceptive Trade Practices Act", approved August 5, 1965, in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby.**

26.     The CFA must be liberally applied, because it is "a regulatory and remedial statute intended to protect consumers, borrowers, and business persons against fraud, unfair methods of competition, and other unfair and deceptive business practices." *Robinson v. Toyota Motor Credit Corp.*, 201 Ill.2d 403, 416-417; 775 N.E.2d 951, 960 (2002).

27.     The question of whether a violation occurred is judged on several factors, including "(1) whether the practice offends public policy; (2) whether it is immoral, unethical, oppressive, or unscrupulous; [or] (3) whether it causes substantial injury to consumers. ....  All three criteria do not need to be satisfied to support a finding of unfairness.  A practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three." *Id.*, 201 Ill.2d at 417-418 (citations omitted).  *Accord*, *Windy City Metal Fabricators & Supply Inc. v. CIT Tech. Fin. Servs. Inc.*, 536 F.3d 663, 669 (7th Cir. 2008).

28.     Under 815 ILCS 505/10a, "actual economic damages or any other relief which the court deems proper" may be awarded, together with attorney's fees and injunctive relief.

## COUNT I – TCPA

29.     By the conduct described herein, defendant violated the TCPA.

## CLASS ALLEGATIONS

30.     Iosello seeks to represent a class under Fed.R.Civ.P. 23(b)(3) that includes all individuals in Illinois who received one or more unsolicited text messages from Caribbean Cruise (or a person or entity sending such messages on its behalf) within four years of the filing of this suit.

31.     There are so many class members that joinder of all of them is impractical.  On information and belief, thousands of Illinois consumers received unsolicited texts sent by Caribbean Cruise or on its behalf. The precise number of class members is presently unknown to plaintiff, but may be learned from defendants' books and records.

32.     This action involves common questions of law and fact that predominate over any questions affecting individual class members, including

      (A)     whether defendants' conduct violated the TCPA,

      (B)     whether the equipment used by defendants to send the texts was an automatic telephone dialing system as contemplated by the TCPA,

      (C)     what damages and other relief ought to be awarded,

      (D)     whether defendants' conduct was willful or intentional,

      (E)     whether trebling of damages is appropriate, and

      (F)     whether injunctive relief is proper.

33.     Plaintiff's claim is typical of claims held by class members.  All class members were similarly injured by the uniform, and prohibited, conduct of defendants.  Relief from defendants' misconduct, for plaintiff and for class members, rests on the same legal theories.

34.     Plaintiff is an adequate representative of the class.  He has retained counsel who are experienced in prosecuting consumer protection class actions, including those brought under the TCPA.  Further, his interests are aligned with those of class members; he seeks the same

relief to which class members are entitled.

35.     Classwide treatment of the claims made here is superior to other claim resolution methods.  The interest of class members in individually controlling the prosecution of separate claims against defendants is small, because it is not economically feasible to bring individual actions.  Furthermore, handling scores of identical claims in a single proceeding conserves judicial resources, promotes efficiency, and ensures a uniform result on identical claims.

36.     Several courts have certified classes having claims under the TCPA.  Such cases, which concerned illegal practices regarding phone calls and texts, include *Manno v. Healthcare Revenue Recovery Group LLC*, 289 F.R.D. 674 (S.D.Fla. 2013); *Meyer v. Portfolio Recovery Associates LLC,* 707 F.3d 1036 (9th Cir. 2012); and *Mitchem v Illinois Collection Service Inc.*, 271 F.R.D. 617 (N.D.Ill. 2011).  See also, *e.g.*, *Holtzman v. Turza*, 728 F.3d 682 (7th Cir. 2013); *Critchfield Physical Therapy v. Taranto Group Inc.*, 263 P.3d 767 (Kan. 2011); *Karen S. Little LLC v. Drury Inns Inc.,* 306 S.W.3d 577 (Mo. App. Ct. 2010); *CE Design Ltd. v Cy's Crabhouse North Inc.*, 259 F.R.D. 135 (N.D.Ill. 2009); *Targin Sign Systems Inc. v. Preferred Chiropractic Center Ltd.*, 679 F.Supp.2d 894 (N.D.Ill. 2010); *Hinman v. M & M Rental Center Inc.,* 545 F.Supp.2d 802 (N.D.Ill. 2008); *Display South Inc. v. Graphics House Sports Promotions Inc.*, 992 So.2d 510 (La. App. Ct. 2008); *Display South Inc. v. Express Computer Supply Inc.,* 961 So.2d 451 (La. App. Ct. 2007); *Kavu Inc. v. Omnipak Corp.,* 246 F.R.D. 642 (W.D.Wash. 2007); *Lampkin v. GGH, Inc.*, 146 P.3d 847 (Okla. App. Ct. 2006); *ESI Ergonomic Solutions LLC v. United Artists Theatre Circuit Inc.*, 50 P.3d 844 (Ariz. App. Ct. 2002); and *Core Funding Group LLC v. Young*, 792 N.E.2d 547 (Ind. App. Ct. 2003) (all relating to junk faxing schemes).

37.     Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, such as those for securities fraud.

WHEREFORE, Iosello seeks judgment for himself and the class, which

(A)     awards statutory damages,

(B)     declares that defendants' conduct is illegal,

(C)     enjoins defendants from sending further text messages to wireless devices without the prior express written consent of recipients,

(D)      awards costs of suit, and

(E)      gives all other proper relief.

## COUNT II – CFA

38.     Defendants' conduct, done in the course of trade and commerce as described herein, violated 815 ILCS 505/2.  This conduct was generally unfair and abusive, was contrary to public policy (as expressed in the TCPA), was oppressive and unscrupulous, and caused substantial damage, aggravation and annoyance to Illinois consumers.

## CLASS ALLEGATIONS

39.     Iosello seeks to represent a class under Fed.R.Civ.P. 23(b)(3) that includes all individuals in Illinois who received one or more unsolicited text messages from Caribbean Cruise (or a person or entity sending such messages on its behalf) within three years of the filing of this suit.

40.     There are so many class members that joinder of all of them is impractical.  On information and belief, thousands of Illinois consumers received unsolicited texts sent by Caribbean Cruise or on its behalf. The precise number of class members is presently unknown to plaintiff, but may be learned from defendants' books and records.

41.     This action involves common questions of law and fact that predominate over any questions affecting individual class members, including

(A)      whether defendants' conduct violated the CFA,

(B)      whether the conduct complained of was contrary to public policy,

(C)      whether the conduct was oppressive, unscrupulous, annoying, aggravating or generally unfair,

(D)      what damages and other relief ought to be awarded,

(E)      whether defendants' conduct was willful or intentional,

(F)      whether punitive damages are appropriate, and

(G)      whether injunctive relief is proper.

42.     Plaintiff's claim is typical of claims held by class members.  All class members were similarly injured by the uniform, and prohibited, conduct of defendants.  Relief from

7

defendants' misconduct, for plaintiff and for class members, rests on the same legal theories.

43.     Plaintiff is an adequate representative of the class.  He has retained counsel who are experienced in prosecuting consumer protection class actions, including those brought under the CFA.  Further, his interests are aligned with those of class members; he seeks the same relief to which class members are entitled.

44.     Classwide treatment of the claims made here is superior to other claim resolution methods.  The interest of class members in individually controlling the prosecution of separate claims against defendants is small, because it is not economically feasible to bring individual actions.  Furthermore, handling scores of identical claims in a single proceeding conserves judicial resources, promotes efficiency, and ensures a uniform result on identical claims.

45.     Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, such as those for securities fraud.

WHEREFORE, Iosello seeks judgment for himself and the class, which

(A)     awards actual and punitive damages,

(B)     declares that defendants' conduct is illegal,

(C)     enjoins defendants from sending further text messages to wireless devices without the prior express written consent of recipients,

(D)     awards attorney's fees, litigation expenses and costs of suit, and

(E)     gives all other proper relief.

/s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Thomas E. Soule
EDELMAN COMBS LATTURNER & GOODWIN LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)
courtecl@edcombs.com

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

/s/ Daniel A. Edelman
Daniel A. Edelman

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that defendants take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiffs, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If defendants are aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendants request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendants.

/s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Thomas E. Soule
EDELMAN COMBS LATTURNER & GOODWIN LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)
courtecl@edcombs.com

9

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CHRISTOPHER IOSELLO,                        )
for himself and two classes,                )
                                            )
              Plaintiff,                     )
                                            )
       v.                                   )
                                            )
CARIBBEAN CRUISE LINE INC.                  )
and TRAVEL REWARDS, LLC,                     )
                                            )
              Defendants.                    )

## VERIFICATION

On penalty of perjury, pursuant to 28 U.S.C. §1746, and under all other applicable laws

and rules, I hereby verify that I read the preceding complaint, and that all facts alleged herein are

true and correct to the best of my knowledge and belief.

Executed on this day, August 8, 2014.

_____
Christopher Iosello

10